UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:     James D. Willman
           Brandy L. Willman

                                                        CASE NO. 13-20528
                                                        JUDGE WISE
                                                        CHAPTER 7

**DEBTOR(S)**

**RESPONSE TO MOTION FOR ORDER OF CONTEMPT
VIOLATION OF AUTOMATIC STAY**

      Comes now KW Mechanical, Inc., creditor, and it's attorney, Carl E. Knochelmann Jr., by and through counsel, and for their Response to debtors' Motion for Order of Contempt Violation of Automatic Stay (Motion for Contempt) state as follows:

      The Motion for Contempt is without factual basis and should be denied.  The allegations stated in debtor's Motion are erroneous, incomplete, misleading and have been interposed to harass and to "*shake down*" the creditor and its attorney.

      Debtors are dishonest and mislead the Court in their Motion for Contempt.  Debtors state in their Motion for Contempt that "*Both KW Mechanical and Carl Knochelmann were both given a courtesy call that the filing of the bankruptcy was imminent and that the bankruptcy would be filed a week before her next period*."  A call was made by a Mr. Foote to the creditor, KW Mechanical, Inc., more than a week prior to the actual filing of this action in bankruptcy asking for the name of the attorney of record and indicating that bankruptcy was going to be filed.  The name, address and phone number of Carl Knochelmann were given to Mr. Foote.  The creditor did not tell Carl Knochelmann of Mr. Foote's call until after March 29, 2013.  No other communication was made with anyone.  No calls were made to Carl Knochelmann by the debtor or by Mr. Foote until the

1

morning of March 29, 2013 at approximately 8:30 A.M. Neither creditor nor Carl Knochelmann received any communication or documentation that a bankruptcy action had, in fact, been filed prior to the phone call on the morning of March 29, 2013. Neither creditor nor its attorney can find any authority that requires them to rescind a garnishment order based on a mere phone call stating an intention to file a bankruptcy action in the future. 11 U.S.C. 522, as cited authority by debtors, does not contain any such provision.

Carl Knochelmann practices law in numerous areas but does not practice in the area of bankruptcy. However, Carl Knochelmann did have occasion to be involved with a foreclosure on real estate in a divorce case in March 2013. In order to stop the sale of a marital residence in the divorce case, one of the divorcing parties filed bankruptcy. The master commissioner that was going to sell the real estate was given a courtesy call that the bankruptcy was going to be filed. Before he could officially stop the ordered sale, the master commissioner required a faxed copy of the notice of bankruptcy be sent to him indicating that bankruptcy had, in fact, been filed.

The rendition of the facts stated by debtors in their Motion for Contempt is incomplete and misleading. Mr. Foote did call Carl Knochelmann at approximately 8:30 A.M. on March 29, 2013. However, Mr. Foote failed to state that the conversation started without his identifying himself to Carl Knochelmann as an attorney for the debtors and that he failed to state that a bankruptcy petition had in fact been filed. Carl Knochelmann does not know Mr. Foote and he was nothing more than a voice on the phone. Mr. Foote began ranting about how he demanded that a garnishment be returned. When Carl Knochelmann finally figured out that a bankruptcy petition had, in fact, been filed, Carl Knochelmann told Mr. Foote that he and his client would do whatever was required by the bankruptcy court.

Carl Knochelmann told Mr. Foote that he had not received any notice of a bankruptcy being

2

filed and that he had not recently received a garnishment payment. Mr. Foote claimed to have made a courtesy call to Mr. Knochelmann to tell him that a bankruptcy was going to be filed. When Carl Knochelmann told Mr. Foote that no such phone call was received by him, Mr. Foote said that he had talked to Carl Knochelmann's secretary. The only problem with Mr. Foote's claim is that Carl Knochelmann does not have a secretary or anyone to answer his calls. Mr. Foote lied to Carl Knochelmann about having called him. Why would Carl Knochelmann believe anything Mr. Foote said after that; especially in light of Mr. Foote's demeanor on the phone?

Mr. Foote kept saying that he was looking at the docket sheet on line and that it indicated that notice had been sent to Carl Knochelmann on March 22, 2013. Carl Knochelmann told Mr. Foote that, regardless of what the docket sheet indicated, he had not received any bankruptcy notice and that his client had not informed him that it had received any bankruptcy notice for creditors. Mr. Foote never offered to fax or email a copy to Carl Knochelmann. Mr. Foote was so rude and unreasonably demanding that Carl Knochelmann hung up on Mr. Foote. After approximately ten (10) minutes, Mr. Foote called back and Carl Knochelmann stated again that he had no prior notice other than the phone call that a bankruptcy had been filed. Mr. Foote again demanded that the garnishment payment be returned to him and when Carl Knochelmann said that neither he nor the creditor had recently received a garnishment payment, Mr. Foote threatened Carl Knochelmann with some action against him. Mr. Foote further indicated that he has frequently filed actions against creditors and that he always wins when he files actions against creditors. Carl Knochelmann hung up on Mr. Foote again. This Motion for Contempt was filed the same day.

After calling Carl Knochelmann, Mr. Foote called the creditor directly. Mr. Foote's contact with a represented entity is a violation of the ethics rules. The time Mr. Foote spent talking to the creditor was less than five (5) minutes.

3

March 29, 2013 was Good Friday. Carl Knochelmann was home on spring break with his son when the phone call from Mr. Foote was received. Carl Knochelmann has his phone calls forwarded to his cell phone when he is not in his office since he does not have anyone to answer his calls. Carl Knochelmann was home because he intended to spend the time with his son who was going to spend the weekend away with his mother and he wanted to take advantage of the only spring break time he might have with his son. Carl Knochelmann had no plans to go into his office on March 29, 2013; however, as a result of the call from Mr. Foote, Carl Knochelmann interrupted his vacation time to go into his office to see if he received anything regarding this case in the mail. Carl Knochelmann went to his office at about 3:00 P.M. and did in fact receive the bankruptcy notice in the March 29, 2013 mail. Creditor has never been served with notice of the bankruptcy.

Subsequently, Carl Knochelmann called ADP, the payroll service that processed the garnishment payments, and was told to call the employer at a given number to talk to Mary Ellen. By the time Carl Knochelmann called Mary Ellen, she had already been called by Mr. Foote. Mary Ellen related to Carl Knochelmann that Mr. Foote was forward with her and when she suggested that Mr. Foote fax her a copy of the bankruptcy notice, Mr. Foote said "*that's a good idea*" and he apparently did fax a copy of the notice to her. Again, Mr. Foote never offered to fax a copy of the bankruptcy notice to Carl Knochelmann at any time and apparently never made any effort to determine whether Carl Knochelmann had, in fact, received a notice. Future garnishments were stopped on March 29, 2013 which is as soon as possible after actual notice was received.

Mr. Foote is claiming that it took him 4 hours to make the calls to Carl Knochelmann, to call the creditor and to contact Mary Ellen. However, Carl Knochelmann spent the same time with Mr. Foote on the phone and made several similar calls to be able to reach Mary Ellen to stop the garnishment. Carl Knochelmann spent much less than an hour in total time. It seems that either Mr.

4

Foote is padding his time to enhance his promised "*shake down*" of the creditor or is terribly incompetent. In either case, a claim of spending 4 hours to notify the debtors' employer to stop the garnishment is completely false and misleading to the Court.

Since the discussion on March 29, 2013, Carl Knochelmann did receive a garnishment check that had been processed on March 29, 2013, mailed on April 1, 2013 and received on April 3, 2013. Carl Knochelmann endorsed the garnishment check to Mr. Foote as the bankruptcy attorney for the debtor, Brandy Willman, and mailed it to Mr. Foote by regular mail.

It has come to the attention of Carl Knochelmann that Mr. Foote arranged for a hearing on this Motion for Contempt without notifying Carl Knochelmann of the date and time. An attorney in the court room of Judge Wise on April 9, 2013 heard Carl Knochelmann's name being said and relayed the information to Carl Knochelmann.

Carl Knochelmann was not notified of a hearing on Mr. Foote's Motion for Contempt. The Notice section at the end of his motion served on Carl Knochelmann by regular mail states that Carl Knochelmann has 21 days from March 29, 2013 in which to respond. There is no hearing date on the Motion for Contempt given in any documents received by Carl Knochelmann. April 9, 2013 is well short of 21 days after the filing of Mr. Foote's motion. Carl Knochelmann was not in the ECF system when it was filed on this case and would not have received any electronic notice. No regular mail or phone notice was sent to Carl Knochelmann concerning the April 9, 2013 hearing on Mr. Foote's motion. Any representation to the Court that Carl Knochelmann had notice of the hearing on April 9, 2013 is false. No decision on Mr. Foote's Motion for Contempt should be rendered without Carl Knochelmann being able to present his case.

It should be clear to the Court that creditor, KW Mechanical, Inc., and Carl Knochelmann had no knowledge of the filing of the bankruptcy action by debtors until the March 29, 2013 phone

5

call from Mr. Foote. Mr. Foote lied to Carl Knochelmann about calling his office wherein he claimed to have spoken to Carl Knochelmann's secretary. The notice of bankruptcy filing was not received until the mail delivery on March 29, 2013. There was no notice to the creditor or to Carl Knochelmann concerning the bankruptcy prior to March 29, 2013. Carl Knochelmann contacted the garnishee to stop future garnishments. When Carl Knochelmann subsequently received a garnishment check, he immediately forwarded it to Mr. Foote. Creditor and Carl Knochelmann took all actions they could when they were, in fact, notified about the bankruptcy filing. There is no contemptuous activity in this matter on the part of Creditor and Carl Knochelmann.

Affidavits from Carl Knochelmann and R. Kim Vocke are being filed herewith in support of this Response.

WHEREFORE, creditor and its attorney respectfully demand as follows:

1. That debtors' Motion for Contempt be denied.

2. That creditor and its attorney be awarded the reasonable cost of defending this Motion.

3. That the Court award creditor and its attorney any and all other relief to which they may be entitled.

RESPECTFULLY SUBMITTED;

/s/ *Carl E. Knochelmann Jr.*
CARL E. KNOCHELMANN JR.   (# 39383)
ATTORNEY FOR KW MECHANICAL, INC.
526 GREENUP STREET
COVINGTON, KY.  41011
(859) 982-0097

**CERTIFICATION**

I hereby certify that I have, this 12th day of April, 2013, electronically filed a copy of the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

6

John W. Foote
Attorney for Debtors
36 West Fifth Street, 2nd Fl
Covington, Ky.  41011

US Trustee
100 East Vine Street, Suite 803
Lexington, KY.  40588

    I further certify that I mailed the foregoing document and the notice of electronic filing by ordinary mail to the following:  None

                         /s/ *Carl E. Knochelmann Jr.*
                         CARL E. KNOCHELMANN JR.